IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **THOMAS A. BOWDISH,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| **DWYER FRANCHISING LLC, d/b/a NEIGHBORLY,** | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Thomas A. Bowdish files this Original Complaint against Defendant Dwyer Franchising LLC, d/b/a Neighborly alleging wrongful discharge as a form of discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-34 (the "ADEA"). Plaintiff requests equitable relief, damages, interest, and costs for Defendant's unlawful acts.

### I.   PARTIES AND SERVICE

1. Plaintiff Thomas A. Bowdish ("Plaintiff") is a resident of Tarrant County, Texas.

2. Defendant Dwyer Franchising LLC, d/b/a Neighborly ("Defendant" or "Neighborly") is a Delaware limited liability company headquartered in Waco, Texas. Neighborly may be served via its registered agent, C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201, or wherever it may be found.

### II.   JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this matter involves controversies arising under the laws of the United States, namely the ADEA.

4. Venue is proper in the Western District of Texas, under 28 U.S.C. § 1391(b)(1) and (2) because Defendant regularly conducts business in this District and because a substantial part of the events or omissions forming the basis of the suit occurred in this District.

5. On September 30, 2021, Plaintiff timely dual-filed with the Texas Workforce Commission ("TWC") and the Equal Employment Opportunity Commission ("EEOC") a Charge of Discrimination, alleging discrimination on the basis of age and retaliation. This lawsuit is being filed more than sixty (60) days after Plaintiff's filing of the Charge of Discrimination. *See* 29 U.S.C. § 626(d)(1).

6. All administrative and jurisdictional prerequisites have been met or have expired.

### III.   FACTUAL SUMMARY

7. Plaintiff, who is 68 years old, was employed by Neighborly as a Resale Franchise Developer, within the Franchise Development Department. Plaintiff reported to work at Neighborly's location at 1010 North University Parks Blvd., Waco, Texas 76707.

8. Plaintiff excelled in his role. In 2020, Plaintiff was given recognition as the Resale Franchise Developer of the Year, and he qualified for awards of company trips every year but one during his employment.

9. In mid-2020, Plaintiff's supervisor, VP of Resale Development Sam Thurman, left Neighborly.

10. Around the same time as Thurman's departure, Neighborly hired Alesha Yankee, who is in her mid- to late 30s, as Team Leader for Resale Development. Yankee became Plaintiff's direct supervisor.

11. Yankee reported directly to Executive Vice President of Franchise Development Brandon Haire, who is in his mid-40s.

12. As soon as Haire was elevated to the position of Executive Vice President of Franchise Development, he began to regularly make disparaging and ageist comments about Plaintiff and Greg Koloroutis, who was approximately 66 years old at the time.

13. Haire frequently and bluntly stated that Plaintiff did not know certain things because Plaintiff was "too old."

14. By the beginning of 2021, Plaintiff was the eldest of approximately forty (40) employees in the Franchise Development Department by at least ten (10) years.

15. No new hires made in the Franchise Development Department from the time Plaintiff was hired to the time of Plaintiff's termination were above the age of fifty (50).

16. In May 2021, Yankee issued a written warning to Plaintiff stating that he needed to sign up four new owners.

17. Plaintiff was the only Resale Franchise Developer who was on track to meet and exceed the Resale Departments other main metrics (gross sales and number of units). Plaintiff had nine more sales than the next Resale Franchise Developer and brought in more gross sales dollars than the next two Resale Franchise Sales Developers combined.

18. Tracey Wright, who is approximately 38, and Brian Hill, approximately 42, were far behind on metrics for gross sales and units.

19. Neither Wright nor Hill were issued any disciplinary actions for having fallen behind in metrics.

20. Despite the discriminatory issuance of the write-up, Plaintiff did his best to comply and subsequently signed up two new owners in the first week of July 2021.

21. Plaintiff sold six franchises to one new owner and two franchises to another owner, but he was only credited two new owners, despite the total of eight franchises sold.

22. Plaintiff had ten other new owners in his pipeline, well above and beyond the four that were required.

23. Of the ten new owners in Plaintiff's pipeline, two were set to attend a "Meet the Team" day on July 17, 2021, wherein they would officially become eligible to be new owners. The "Meet the Team" day is typically the final step before new owners sign up for Neighborly's franchises.

24. On July 16, 2021—the day before the two remaining new owners Plaintiff needed to comply with the discriminatory write-up were set to attend the "Meet the Team" day—Yankee terminated Plaintiff via Zoom, claiming that Plaintiff's goal for signing up new owners had not been met.

25. The two new owners set to attend the "Meet the Team" day on the day after Plaintiff's termination were later signed up for separate Neighborly franchises.

26. Defendant's reasons for terminating Plaintiff's employment were mere pretext for terminating him in violation of the ADEA.

27. All conditions precedent have been performed or have occurred.

IV. **CAUSES OF ACTION**

**COUNT ONE:  DISCRIMINATORY DISCHARGE IN VIOLATION OF THE ADEA**

28. Plaintiff re-alleges the foregoing allegations as if fully set forth herein.

29. Plaintiff has satisfied all administrative and jurisdictional prerequisites in connection with his claim under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-34 (the "ADEA").

30. At all times relevant, Neighborly was an "employer" as defined by the ADEA. Neighborly employed 20 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

31. When Plaintiff worked for Neighborly, he was an "employee" as defined by the ADEA.

32. Plaintiff's discharge was because of his age in violation of the ADEA.

33. Plaintiff's discharge constituted a willful violation of the ADEA by Neighborly.

34. As a direct and proximate consequence of Neighborly's violation, Plaintiff has suffered damages.

35. Plaintiff's damages include lost wages, past and future mental anguish, inconvenience, and loss of enjoyment of life.

36. Plaintiff seeks damages, statutory liquidated damages, pre- and post-judgment interest, attorneys' fees, and costs.

## V. JURY DEMAND

37. Plaintiff demands a jury trial and has tendered the appropriate fee.

## VI. PRAYER

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Issue summons for Defendant to appear and answer;

B. Award to Plaintiff a judgment against Defendant for:

    1. Equitable relief;

    2. Lost wages and benefits (both past and future), and compensatory, liquidated, and exemplary damages in the maximum amount permitted by law;

    3. Pre- and post-judgment interest;

    4. Attorneys' fees; and

    5. Costs.

Plaintiff further requests such other relief to which he is entitled in law or in equity.

Respectfully Submitted,

*/s/ Jennifer J. Spencer*
Jennifer J. Spencer
Texas Bar No. 10474900
jspencer@jacksonspencerlaw.com
James E. Hunnicutt
Texas Bar No. 24054252
jhunnicutt@jacksonspencerlaw.com
JACKSON SPENCER LAW PLLC
Three Forest Plaza
12221 Merit Drive, Suite 160
Dallas, Texas 75251
(972) 458-5301 (Telephone)
(972) 770-2156 (Fax)

**ATTORNEYS FOR PLAINTIFF
THOMAS A. BOWDISH**